UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEICO INDEMNITY CO.,

    Plaintiff,                                       Civil Action No. 21-CV-10313

vs.                                                  HON. BERNARD A. FRIEDMAN

JAMES C. JOHNSON,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
## FOR ENTRY OF A DECLARATORY JUDGMENT

This matter is presently before the Court on plaintiff's motion for entry of a declaratory judgment [docket entry 10]. Defendant has responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This case arises out of defendant's claim for No-Fault insurance benefits from defendant's insurance provider, Geico Indemnity Co. ("Geico"), following a motor vehicle collision on February 24, 2013. Plaintiff seeks a declaration that it is not responsible for the medical expenses allegedly arising from this accident. Plaintiff contends that defendant's medical records and official reports at the scene of the accident show that

> (1) the circumstances surrounding the subject accident are questionable, at best; (2) Claimant Johnson, morbidly obese, has exhibited drug-seeking behavior dating back to before the subject accident; (3) Claimant Johnson's providers, both before and after the accident, have a track record of fraud and over-prescription of opioids; and (4) Claimant Johnson's complaints and imaging were exactly the same, both before and after the subject accident.

Pl.'s Br. at 2. Plaintiff seeks a declaratory judgment[1] that defendant's alleged injuries "completely arose out of pre-accident medical conditions"; that defendant's "alleged injuries did not arise out of" and "were not aggravated by the February 24, 2013 accident"; that "[i]n the alternative, if [defendant] was involved in the February 24, 2013 motor vehicle accident and sustained injuries arising out of that accident, he recovered from those injuries in 2013 and did not require additional treatment beyond 2013 for any alleged injuries arising out of the accident"; that defendant "is barred from receiving any payments for personal protection insurance (PIP) benefits"; and that defendant reimburse plaintiff for costs, attorney fees, and any PIP benefits that were wrongly paid. *Id.* at 1-2.

Plaintiff filed the complaint in this case on February 2, 2021, and requested a clerk's entry of default on March 11, 2021, for defendant's failure to plead or otherwise defend. *See* docket entry 7. On March 12, 2021, the Clerk of the Court entered defendant's default. *See* docket entry 8. On March 16, 2021, defendant filed a letter with the Court stating that he needed "more time on [his] court case to acquire Legal Aide," adding that he was "[c]urrently . . . unable to afford an Attorney." Docket entry 9. On March 19, 2021, the Court entered an order granting defendant thirty days to secure counsel, at which time the Court would issue a briefing schedule on plaintiff's pending motion for a declaratory judgment. *See* docket entry 11, at 1-2. On April 16, defendant filed another letter with the Court indicating that he was unable to obtain counsel and that he was put in contact with the pro se clinic for legal assistance. *See* docket entry 14. The Court then set a briefing schedule on the instant motion, with a response deadline of May 18, 2021, and a reply

---

[1] On February 26, 2021, the Court ordered plaintiff to show cause as to whether the exercise of the Court's discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, would be appropriate in this case. *See* docket entry 3. Plaintiff filed a response to the Court's order on March 10, 2021, *see* docket entry 5, which the Court found to be satisfactory.

2

deadline of June 2, 2021. Defendant filed a third letter with the Court on May 6, 2021, which summarized his insurance claims and the steps he has taken to pursue his claim against Geico. *See* docket entry 19. The letter also expressed concern that plaintiff was "trying to take advantage because [I] have no legal representation nor can [I] afford one." *Id*. The Court originally interpreted defendant's letter to be a request for an extension of time to respond to plaintiff's motion for a declaratory judgment, but defendant later clarified that the letter was in fact his response. *See* June 10, 2021, Remark. On June 18, 2021, plaintiff filed its reply brief.

In the instant motion, plaintiff argues that defendant has a long history of seeking pain relief through opioid prescriptions, including on the day prior to the February 24, 2013, collision. *See* Pl.'s Br. at 3-6. Further, plaintiff contends that the photos from the collision "reflect more of a fender-bender than a vehicle striking a curb, and certainly do not show that it was t-boned on the passenger side door," as defendant allegedly reported to a doctor on February 25, 2013. *Id*. at 6. Moreover, plaintiff argues that "[t]he official police report does not even list James Johnson[] as involved in the subject motor vehicle accident." *Id*. (citing Pl.'s Ex. 8 – Police Report). Plaintiff adds that defendant's CT scan on February 24, 2013, revealed no evidence of fracture, trauma, or other abnormality, and that a subsequent MRI on April 4, 2013, "revealed the exact same findings as [an] MRI from April of 2012." *See id*. at 9. Finally, plaintiff summarizes defendant's history of chronic pain and opiate consumption. *See id*. at 10-15.

"Once a default has been entered by the Clerk, the plaintiff's well-pleaded allegations are deemed admitted." *Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, No. 19-CV-12263, 2020 WL 4915558, at *2 (E.D. Mich. Aug. 21, 2020). Because defendant has failed to address any of the allegations raised in plaintiff's complaint, any arguments made in plaintiff's instant motion, or any

3

basis for setting aside the clerk's default, the Court concludes that plaintiff is entitled to the requested relief. Accordingly,

        IT IS ORDERED that plaintiff's motion for entry of a declaratory judgment [docket entry 4] is granted .

Dated: June 21, 2021
    Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2021.

James C. Johnson
11449 Rockland
Redford, MI 48239

s/Johnetta M. Curry-Williams
Case Manager